No. 8847.
Orleans Appeal.

ARMIN E. MILL, Appellant, v. JOHN A. LEWIS.

(March 30, 1925, Opinion and Decree.)
(April 27, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1.   Louisiana Digest—Appeal—Par. 625.
Where the judgment of the trial court upon a question of fact appears clearly erroneous, it will be reversed.

Appeal from Civil District Court, Parish of Orleans, Hon. Fred. D. King, Judge presiding.

, This is a suit to recover the cost of repairs on an automobile. There is also a reconventional demand.

There was judgment for defendant and plaintiff has appealed.

Judgment reversed.

Prowell & Prowell, R. T. McBride, attorneys for plaintiff and appellant.

F. C. Querins, attorney for defendant and appellee.

,WESTERFIELD,· J. This is a suit for $340.55, the alleged value of certain repairs made by plaintiff to a Franklin automobile belonging to defendant.

Defendant denies liability in any sum, alleging a verbal contract with defendant to complete the work for $200.00 and pleads payment to the extent of $157.95. For further defense, defendant charges that the work done by plaintiff was poorly executed and unduly delayed; that he was promised his car within ten days and because of plaintiff's failure to complete the repairs within that time, he was compelled to hire other automobiles at an expense of $210.00 and he reconvenes for $75.00.

The trial judge awarded plaintiff a judgment for $11.25 and gave defendant a judgment for $60.40 on his reconventional demand. Plaintiff has appealed.

Plaintiff is engaged in the business of automobile repairing and he has testified that he was in the habit of repairing defendant's Franklin car. On May 15, 1921, defendant's car was brought into plaintiff's shop for extensive repairs due to an accident. Plaintiff claims that he informed defendant that if an insurance company was to pay for the repairs he would not undertake the job because of the difficulty in getting his money and that thereupon defendant stated that though he carried insurance, he, defendant, would pay plaintiff and collect from the insurance company, and with that understanding, plaintiff undertook the work. Plaintiff further testifies that defendant requested him to make other repairs to his car, the need for which was not occasioned by the accident and that he was asked to keep a separate account of these repairs as they were not to be paid for by the insurance company.

Defendant having pleaded a contract, carries the burden of proving it. This burden he has not sustained. No one other than himself testifies to this effect and plaintiff denies it. The same may be said of the plea of payment and of the agreement to repair the car in ten days. Moreover, a witness, Mr. Charles A. Theil, whose occupation is given as President of the United Warehouse Company, and whom it appears has no connection whatever with plaintiff, except as a customer whose automobile trucks are repaired by plaintiff, testified that he was present when the question of repairing defendant's car was discussed by plaintiff and defendant and that he heard plaintiff tell defendant he did not want the job if an insurance company was to pay for it and defendant's assurance given plaintiff that he, defendant, would pay plaintiff when an adjustment was had with the insurance company. This witness also heard defendant request plaintiff to make out two bills for repairs. He did not hear anything about an agreement to do the work for $200.00 nor an undertaking to complete it within ten days.

As to the character of the work done by plaintiff, there is some testimony that the engine of defendant's car overheated and leaked oil after the completion of the repairs, but the mechanic who made the repairs as an employee of plaintiff seems to have adjusted these conditions without difficulty and so far as the record shows without expense to defendant. The itemized bill of plaintiff is supported by two mechanics, employed by him, who did the work and it otherwise appears to us as reasonable.

We conclude, therefore, that the judgment of the trial court is erroneous.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment for plaintiff and against defendant in the sum of $340.55, with legal interest thereon from judicial demand and all costs.

It is further ordered that defendant's demand in reconvention be dismissed at his cost.